BROWNE GEORGE ROSS LLP
Peter W. Ross (State Bar No. 109741)
pross@bgrfirm.com
Keith J. Wesley (State Bar No. 229276)
kwesley@bgrfirm.com
2121 Avenue of the Stars, Suite 2800
Los Angeles, California 90067
Telephone:  (310) 274-7100
Facsimile:  (310) 275-5697

LAW OFFICES OF GARY FREEDMAN
Gary Freedman (State Bar No. 49922)
goromans@aol.com
1149 Third Street, Suite 200
Santa Monica, California 90403
Telephone:  (310) 576-2444
Facsimile:  (310) 576-2440

Attorneys for Plaintiff Brighton
Collectibles LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| BRIGHTON COLLECTIBLES, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>GINGER TORRES d/b/a BRIGHTON BAY and BRIGHTON BAY DESIGNS, an individual,<br><br>Defendant. | Case No.<br><br>**COMPLAINT FOR:**<br><br>**(1) COPYRIGHT INFRINGEMENT;**<br>**(2) TRADEMARK INFRINGEMENT [15 U.S.C. §1114];**<br>**(3) FALSE DESIGNATION OF ORIGIN [15 U.S.C. §1125];**<br>**(4) COMMON LAW UNFAIR COMPETITION;**<br>**(5) STATUTORY UNFAIR COMPETITION [CAL. BUS. & PROF. CODE §17200]**<br><br>**DEMAND FOR JURY TRIAL** |

804226.1

COMPLAINT

Plaintiff Brighton Collectibles, LLC, as and for its complaint against defendant Ginger Torres d/b/a Brighton Bay and Brighton Bay Designs, alleges as follows:

**PARTIES**

1.      Plaintiff Brighton Collectibles, LLC ("Brighton" or "Plaintiff") is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business in the County of Los Angeles.

2.      Plaintiff is informed and believes, and thereon alleges, that defendant Ginger Torres ("Torres" or "Defendant") is an individual who resides in Lakeland, Florida.  Plaintiff is informed and believes, and thereon alleges, that Torres does business as "Brighton Bay" and/or "Brighton Bay Designs."

**JURISDICTION AND VENUE**

3.      This Court has original jurisdiction under 28 U.S.C. sections 1331 and 1338 in that the claims herein arise under the federal Copyright Act and Lanham Act.

4.      This district is the proper venue because a substantial part of the events and omissions giving rise to the claims herein occurred in this district, and Defendant is subject to personal jurisdiction in this district.

5.      Plaintiff is informed and believes, and thereon alleges, that Defendant regularly markets and sells goods, including but not limited to the goods in issue in this case, to consumers in this district.

**GENERAL ALLEGATIONS**

A.      **Brighton Is A Leading Designer, Manufacturer, and Distributor of Women's Fashion Accessories.**

6.      Brighton designs and manufactures women's fashion accessories, including handbags, wallets, belts, sunglasses, watches, jewelry, and other products that sell under the trademark "Brighton."  For more than 25 years, Brighton has been continuously engaged in designing, manufacturing, distributing, and selling its

-1-
COMPLAINT

"Brighton" fashion accessories nationwide.  Brighton employs over 500 people at a factory in the City of Industry, California, as well as hundreds of personnel around the country.

7.     Over the decades that Brighton has been in existence, Brighton fashion accessories have gained a nationwide reputation for style and quality.  Brighton is an acknowledged industry leader, recognized for unique and innovative styling, outstanding workmanship, and the use of high-quality materials.  Brighton generally sells its accessories through small "specialty" or "boutique" stores rather than discount stores, big box retailers, or mail-order catalogues.

8.     To protect the Brighton brand and its original, unique designs, Brighton registered and/or obtained through use in commerce various intellectual property rights, including trademarks and copyrights.

9.     Brighton is the owner of multiple registered trademarks for the trade name "Brighton," including in the categories of jewelry and other fashion accessories.  Attached hereto as Exhibit A and incorporated herein by this reference is a true and correct copy of United States Patent and Trademark Office registration number 2,183,195, effective August 25, 1998, for the "Brighton" trademark, as well as the assignments evidencing Brighton's ownership of the registration.

10.     Brighton regularly markets and sells collections of coordinated accessories.  The names of Brighton collections have come to symbolize Brighton and its goods to many Brighton customers.  Therefore, the names of Brighton collections are common-law trademarks owned by Brighton.  Examples include "Vertigo," "Genoa," "Love Affair Heart," "Contempo," "Madrid," "Reno Heart," "Mingle," and "Cordoba".

11.     Brighton has created and is the exclusive owner of original, copyrighted accessory designs.  Brighton's copyrighted designs include the "Love Affair Heart" jewelry design, VA 1-929-791, registered with the Copyright Office effective October 31, 2014.  A true and correct copy of the Love Affair Heart

1    copyright registration is attached hereto as Exhibit B and incorporated herein by this
2    reference.

3          12.    For over 25 years, Brighton products have been, and continue to be,
4    extensively advertised and sold throughout the United States.  During this time,
5    Brighton has sold its products in thousands of boutiques nationwide.  As a result of
6    Brighton's extensive sales and advertising, as well as unsolicited press and word-of-
7    mouth, Brighton's registered trademark, common-law trademarks, and copyrighted
8    designs have come to symbolize Brighton, its high-quality goods, and its reputation
9    and goodwill.  Brighton's intellectual property is thus a very valuable asset.

10         **B.    Torres Deliberately Infringes Upon Various Brighton Intellectual**
11                 **Property.**

12         13.    Brighton is informed and believes, and thereon alleges, that Torres sells
13   jewelry and related accessories online, including through popular e-commerce
14   websites like Amazon.com and Ebay.com.

15         14.    Brighton is informed and believes, and thereon alleges, that Torres
16   regularly markets and sells substantial quantities of cheap, low-quality imitations of
17   Brighton designs, including cheap, low-quality imitations of Brighton's copyrighted
18   "Love Affair Heart" design.

19         15.    Brighton is informed and believes, and thereon alleges, that Torres
20   regularly markets and sells her imitation Brighton designs under the trade name
21   "Brighton Bay" or variations thereof – e.g., "Brighton Bay Designs."

22         16.    Brighton is informed and believes, and thereon alleges, that Torres
23   regularly markets and sells her imitation Brighton designs using corresponding
24   Brighton collection names – e.g., Vertigo, Genoa, Love Affair Heart, etc.

25         17.    Attached hereto as Exhibit C is a photographic comparison of selected
26   Brighton designs and Torres's corresponding imitation designs being sold under the
27   applicable Brighton collection name.

28   / / /

804226.1

18.     Brighton is informed and believes, and thereon alleges, that Torres deliberately used Brighton's registered trademark, common-law trademarks, and copyright in order to trade upon Brighton's goodwill and to confuse consumers into believing Brighton is the source of, is affiliated with, or has endorsed Torres's low-quality and cheaper "Brighton Bay" brand and products.

19.     Brighton is informed and believes, and thereon alleges, that Torres's use of Brighton's intellectual property has caused actual consumer confusion.  For example, below are comments posted on Amazon.com related to "Brighton Bay" products that Brighton is informed and believes were marketed and sold by Torres:

(a)     "Read product desc with care.  I searched &#34; Brighton &#34; in Amazon – this is not Brighton!  Seller cleverly orders words so you think it is.  And, it's not silver color.  The design appears to be Brighton but the quality is definitely not.  No invoice or return info included in the shipping package and not worth spending the postage to return.  Double D – Disappointing and Deceptive."

(b)     "This says it is a Brighton Bay design but in no way can you tell that.  Packaged in clear plastic with no tags or marks to identify it as Brighton.  It was a Christmas gift for a person who collects Brighton.  Also, I do not think it is 8&#34; long when clasped."

(c)     "I thought this was from Brighton Collectibles!  this is NOT what I expected now I have to go out and find a new gift!"

(d)     "I thought this was Brighton but if [sic] was not."

(e)     "It's not real Brighton jewelry.  Didn't even have a brighton tag."

(f)     "NOT the quality of the USA Brighton.  I thought this was the original, not a Chinese knock-off.  But I still get compliments when I wear the set."

(g)   "The jewelry is very pretty…BUT I was looking for Jewelry by Brighton…what I received was made in China…"

(h)   "Was item as describe - &#34;yes&#34;no.&#34; Unfortunately I confused this with Brighton jewelry and this definitely was not the same quality which explains why it was so inexpensive."

20.   On information and belief, Torres knew that her infringement of Brighton's intellectual property was causing consumer confusion, yet Torres consciously and deliberately chose to continue infringing Brighton's intellectual property anyway.

21.   On information and belief, Amazon informed Torres that Brighton objected to her continued use of the Brighton trademark and other intellectual property, yet Torres consciously and deliberately chose to continue to infringe Brighton's intellectual property anyway.

22.   Brighton is informed and believes, and thereon alleges, that Torres has received a direct financial benefit from marketing and selling products incorporating Brighton's trademarks and copyrights.

23.   Brighton is informed and believes, and thereon alleges, that Torres's products are inferior in quality to Brighton's products and that consumers who have purchased Torres's products, or seen them in public, and believed them to be Brighton products or affiliated with Brighton, have been disappointed by Torres's products.

24.   Brighton is informed and believes, and thereon alleges, that Torres's products have been advertised, marketed, and/or sold to a substantial number of consumers, thus decreasing the uniqueness of Brighton's accessories.  As a result, Torres's marketing, sale, and distribution of infringing products has damaged and will continue to damage Brighton's reputation and goodwill.

25.   Brighton is informed and believes, and thereon alleges, that Torres's marketing, sale, and distribution of infringing products has caused Brighton to lose

1  sales and profits.

2       26.    Torres's acts have caused, and will continue to cause, irreparable harm

3  and injury to Brighton for which Brighton has no adequate remedy at law.

4  Accordingly, Torres should be enjoined and restrained from directly or indirectly

5  manufacturing, distributing, importing, exporting, advertising, offering for sale, or

6  selling any product that copies Brighton's copyrights or is sold in conjunction with

7  Brighton's trademarks.  Pursuant to the Copyright Act and Lanham Act, Brighton is

8  therefore entitled to a preliminary and permanent injunction against Torres's

9  continuing acts of infringement.  Brighton is further entitled to an order impounding

10 and destroying all infringing product in Torres's possession, custody, or control.

11 **<u>FIRST CLAIM FOR RELIEF</u>**

12 **<u>(Against Defendant for Copyright Infringement)</u>**

13      27.    Plaintiff re-alleges and incorporates herein by reference each and every

14 allegation set forth above in paragraphs 1 through 26, inclusive.

15      28.    Plaintiff has complied in all respects with the copyright laws of the

16 United States, 17 U.S.C. §101 et seq., and has secured the exclusive rights and

17 privileges in and to the Love Affair Heart copyright – see Exhibit B.

18      29.    Defendant had access to Plaintiff's Love Affair Heart copyrighted

19 design, as established by, among other things, the widespread availability of pictures

20 of Plaintiff's products incorporating that design, the fact that Plaintiff's products are

21 well known in the industry and in the public, the fact that Plaintiff's products are

22 marketed and sold in thousands of retail stores throughout the country, and the fact

23 that Defendant's "Love Affair Heart" design is strikingly similar in design to

24 Plaintiff's "Love Affair Heart" copyright.

25      30.    Defendant infringed Plaintiff's Love Affair Heart copyright by

26 incorporating substantially similar designs into her products, which are marketed

27 and sold to consumers, wholesalers, and/or retailers, without Plaintiff's permission.

28      31.    Defendant infringed the Love Affair Heart copyright willfully.

32.     Plaintiff is entitled to actual damages and Defendant's profits, in an amount no less than $1 million.

33.     Alternatively, Plaintiff is entitled to statutory damages in an amount no less than $150,000.

34.     Defendant's acts have caused and will continue to cause irreparable harm to Plaintiff unless restrained by this Court.  Plaintiff has no adequate remedy at law.  Accordingly, Plaintiff is entitled to an order enjoining and restraining Defendant, during the pendency of this action and permanently thereafter, from manufacturing, distributing, importing, exporting, marketing, offering for sale, or selling copies or substantially similar copies of the Love Affair Heart copyrighted design.

## SECOND CLAIM FOR RELIEF

### (Against Defendant for Trademark Infringement [15 U.S.C. §1114])

35.     Plaintiff realleges and incorporates herein by reference each and every allegation set forth above in paragraphs 1 through 34, inclusive.

36.     Plaintiff is the owner of the registered "Brighton" trademark for, inter alia, jewelry and related fashion accessories – see Exhibit A, United States Patent and Trademark Office registration number 2,183,195, effective August 25, 1998, as well as applicable written assignments.

37.     The "Brighton" trademark is a valid, protectable mark.

38.     Plaintiff is informed and believes and thereon alleges that Defendant has been marketing, manufacturing, selling, and offering for sale jewelry and related fashion accessories under the "Brighton" mark in a manner that is likely to cause confusion among ordinary purchasers as to the source of the goods.

39.     Plaintiff has never consented to Defendant's use of the Brighton mark or any mark that is confusingly similar to Plaintiff's mark, including but not limited to the Brighton Bay or Brighton Bay Designs marks.

/ / /

40.     Plaintiff is informed and believes and thereon alleges that Defendant purposely adopted the confusingly similar Brighton Bay and Brighton Bay Designs marks in conjunction with Defendant's sale of jewelry and other accessories in order to create consumer confusion and trade upon Plaintiff's established goodwill.

41.     Plaintiff is informed and believes and thereon alleges that as a proximate result of the unfair advantage accruing to Defendant's business from using confusingly similar marks and deceptively trading on Plaintiff's goodwill, Defendant has made substantial sales and profits in amounts to be established according to proof.

42.     As a proximate result of the unfair advantage accruing to Defendant's business from using confusingly similar marks and deceptively trading on Plaintiff's goodwill, Plaintiff has been damaged and deprived of substantial sales and has been deprived of the value of its trademark as a commercial asset, in amounts to be established according to proof but no less than $1 million.

43.     Plaintiff is informed and believes, and thereon alleges that, unless restrained by the Court, Defendant will continue to infringe Plaintiff's trademark and that pecuniary compensation will not afford Plaintiff adequate relief for the damage to its trademark in the public perception.  Further, Plaintiff is informed and believes and thereon alleges that in the absence of injunctive relief, consumers are likely to continue to be mistaken or deceived as to the true source, origin, sponsorship, and affiliation of Defendant's goods.

44.     Plaintiff is informed and believes and thereon alleges that Defendant's acts were committed, and continue to be committed, with actual notice of Plaintiff's exclusive rights and with the intent to cause confusion, to cause mistake, and/or to deceive, and to cause injury to the reputation and goodwill associated with Plaintiff and its products.  Pursuant to 15 U.S.C. § 1117, Plaintiff is, therefore, entitled to recover three times its actual damages or three times Defendant's profits, whichever is greater, together with Plaintiff's attorneys' fees.  In addition, pursuant to 15

U.S.C. § 1118, Plaintiff is entitled to an order requiring destruction of all infringing products and promotional materials in Defendant's possession.

## THIRD CLAIM FOR RELIEF

### (Against Defendant for False Designation of Origin [15 U.S.C. §1125(a)])

45.     Plaintiff realleges and incorporates herein by reference each and every allegation set forth above in paragraphs 1 through 44, inclusive.

46.     Defendant falsely designated the origin of her products, in violation of 15 U.S.C. Section 1125(a), by promoting and selling imitations of Brighton designs through use of the Brighton trademark and the same names as Brighton's corresponding collections, including "Vertigo," "Genoa," "Love Affair Heart," "Contempo," "Madrid," "Reno Heart," "Mingle," and "Cordoba".

47.     Through extensive sales and advertising by Brighton, the Brighton trade name and the aforementioned Brighton collection names now indicate to an appreciable number of Brighton customers that goods being sold under those names come from or are affiliated with Brighton.

48.     Defendant's use of Brighton's trademarks in conjunction with the sale of imitation Brighton jewelry and other accessories has caused actual consumer confusion and is likely to cause confusion amongst an appreciable number of consumers.  Therefore, Defendant has engaged in false designation of the origin of its products in violation of 15 U.S.C. section 1125(a).

49.     Plaintiff is informed and believes, and thereon alleges, that Defendant's false designation of origin has harmed Plaintiff, including by diluting Plaintiff's brand, harming Plaintiff's reputation, and causing Plaintiff to lose sales and customers.

50.     Plaintiff is informed and believes, and thereon alleges, that Defendant's false designation of origin resulted in Defendant being unjustly enriched, including through sales of the Infringing Products, as well as through sales of Defendant's other products being promoted alongside pictures of Plaintiff's authentic products.

51.     Plaintiff is informed and believes, and thereon alleges, that Defendant's acts were committed with actual notice of Plaintiff's exclusive rights and with an intent to cause confusion, to cause mistake, and/or to deceive, and to cause injury to the reputation and goodwill associated with Plaintiff and its products.  Pursuant to 15 U.S.C. § 1117, Plaintiff is therefore entitled to recover three times its actual damages or three times Defendant's profits, whichever is greater, together with Plaintiff's attorneys' fees.  In addition, pursuant to 15 U.S.C. § 1118, Plaintiff is entitled to an order requiring destruction of all infringing products and promotional materials in Defendant's possession.

## FOURTH CLAIM FOR RELIEF

### (Against Defendant for Common Law Unfair Competition)

52.     Plaintiff realleges and incorporates herein by reference each and every allegation set forth above in paragraphs 1 through 51, inclusive.

53.     Defendant is a competitor of Plaintiff.

54.     Defendant's conduct in promoting and selling imitation Brighton products through use of Brighton's trademarks has caused actual consumer confusion and is likely to continue to cause consumer confusion.  Therefore, Defendant's conduct constitutes unfair competition under the common law of California.

55.     Defendant's acts alleged herein have caused Plaintiff to lose profits and caused additional damage to Plaintiff's reputation and goodwill.  The precise amount of Plaintiff's damages is presently unknown but will be established according to proof and is no less than $1 million.

56.     Plaintiff is informed and believes, and thereon alleges, that as a direct and proximate result of Defendant's wrongful conduct as described above, Defendant has gained revenue and profits.

57.     Plaintiff is informed and believes, and thereon alleges, that Defendant committed the foregoing acts with the intention of depriving Plaintiff of its legal

1    rights, with oppression, fraud, and/or malice, and in conscious disregard of

2    Plaintiff's rights.  Plaintiff is, therefore, entitled to an award of exemplary damages,

3    according to proof.

### FIFTH CLAIM FOR RELIEF

#### (Against Defendant for Statutory Unfair Competition –

#### Business & Professions Code §17200, et seq.)

7        58.    Plaintiff realleges and incorporates herein by reference each and every

8    allegation set forth above in paragraphs 1 through 57, inclusive.

9        59.    Defendant's conduct as alleged herein constitutes unfair, unlawful, and

10   fraudulent business practices prohibited by Section 17200 et seq. of the California

11   Business & Professions Code.

12       60.    Plaintiff is informed and believes and thereon alleges that, as a direct

13   and proximate result of Defendant's wrongful conduct as described above,

14   Defendant has gained property and revenues properly belonging to Plaintiff.

15   Plaintiff therefore seeks restitution of such.

16       61.    Plaintiff also seeks injunctive relief restraining Defendant and its

17   officers, agents, and employees, and all persons acting in concert with them, from

18   further engaging in acts of unfair competition and/or fraudulent business acts against

19   Plaintiff and its trademarks.

### PRAYER FOR RELIEF

21       WHEREFORE, Plaintiff prays for relief against Defendant as follows:

22       1.    For preliminary and permanent injunctions enjoining and restraining

23   Defendant, her agents, employees, representatives, partners, joint venturers, and/or

24   anyone acting on behalf of or in concert with her, from:

25               A.    designing, manufacturing, importing, shipping, delivering,

26                     selling, marketing, displaying, advertising, or promoting any

27                     product that incorporates designs substantially similar to the

28                     Love Affair Heart copyright;

804226.1

1            B.     designing, manufacturing, importing, shipping, delivering,

2                     selling, marketing, displaying, advertising, or promoting any

3                     product that incorporates or is marketed in conjunction any

4                     Brighton trademark, including the registered Brighton trade

5                     name or any variation thereof;

6            C.     representing or implying, directly or indirectly, to retailers,

7                     customers, distributors, licensees, or any other customers or

8                     potential customers of Defendant's products that Defendant's

9                     products originate with, are sponsored, endorsed, or licensed by,

10                    or are otherwise associated or affiliated with Plaintiff;

11       2.     For an order requiring the destruction of all of Defendant's infringing

12   products and all marketing, advertising, or promotional materials depicting

13   Defendant's infringing products;

14       3.     For an accounting of all profits obtained by Defendant from sales of the

15   infringing products and an order that Defendant hold all such profits in a

16   constructive trust for the benefit of Plaintiff;

17       4.     For an award to Plaintiff of all profits earned by Defendant from the

18   sale of the infringing products;

19       5.     For compensatory damages according to proof and no less than $1

20   million;

21       6.     For statutory damages of no less than $150,000;

22       7.     For pre-judgment interest on all damages awarded by this Court;

23       8.     For reasonable attorney's fees and costs of suit incurred herein; and

24   / / /

25   / / /

26   / / /

27   / / /

28   / / /

1        9.     For such other and further relief as the Court deems just and proper.

2

3  Dated:  June 9, 2017             BROWNE GEORGE ROSS LLP

4                               Peter W. Ross

                                 Keith J. Wesley

5

6                      LAW OFFICES OF GARY FREEDMAN

7                          Gary Freedman

8

9                      By          */s/  Keith J. Wesley*

10                             Keith J. Wesley

11                      Attorneys for Plaintiff

                             Brighton Collectibles LLC

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## **<u>DEMAND FOR JURY TRIAL</u>**

2        Plaintiff Brighton Collectibles, LLC hereby demands a trial by jury.

3

4  Dated:   June 9, 2017                    BROWNE GEORGE ROSS LLP

5                                           Peter W. Ross
                                            Keith J. Wesley
6

7                                           LAW OFFICES OF GARY FREEDMAN

8                                           Gary Freedman

9

10                                          By   _____ */s/  Keith J. Wesley*_____

11                                               Keith J. Wesley

12                                          Attorneys for Plaintiff
                                            Brighton Collectibles LLC
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

804226.1
                                      -14-

# EXHIBIT A

## Certificate of Registration



This Certificate issued under the seal of the Copyright
Office in accordance with title 17, *United States Code*,
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

*Maria A. Pallante*

Register of Copyrights, United States of America

**Registration Number**

## VA 1-928-936

**Effective date of
registration:**

October 20, 2014

---

## Title

**Title of Work:** RENO HEART

**Nature of Work:** JEWELRY DESIGN

## Completion/Publication

**Year of Completion:** 2006

**Date of 1st Publication:** July 3, 2006          **Nation of 1st Publication:** United States

## Author

■          **Author:** BRIGHTON COLLECTIBLES, LLC

**Author Created:** Jewelry design

**Work made for hire:** Yes

**Citizen of:** United States

**Anonymous:** No          **Pseudonymous:** No

## Copyright claimant

**Copyright Claimant:** BRIGHTON COLLECTIBLES, LLC

14022 NELSON AVENUE,, CITY OF INDUSTRY,, CA, 91746

## Limitation of copyright claim

**Material excluded from this claim:** THIS WORK INCORPORATES A PRE-EXISTING DESIGN WHICH WAS
CREATED IN 2005 AND PUBLISHED IN OCTOBER 2005.  Incorporates
scrollwork from original design.

**Previously registered:** No

**New material included in claim:** ADAPTATION OF PRE-EXISTING DESIGN AND ADDITIONAL
ARTISTIC WORK. New dimension added to scrollwork.  The new design
(Reno Heart) incorporates two different hearts, each of which has a three
dimensional look; on one side, the center heart is made of pave crystals and
on the other side the center heart incorporates small silver dots clustered
tightly together

## Certification

               **Name:** GARY FREEDMAN

               **Date:** October 13, 2014

**Correspondence:** Yes

Copyright Office fees are subject to change.
For current fees, check the Copyright Office
website at www.copyright.gov, write the Copy-
right Office, or call (202) 707-3000.

**Form VA**
For a Work of the Visual Arts
UNITED STATES COPYRIGHT OFFICE

REGISTRATION NUMBER

|  | VA | VAU |
|---|---|---|

EFFECTIVE DATE OF REGISTRATION

| Month | Day | Year |
|---|---|---|

Privacy Act Notice: Sections 408-410 of title 17 of the *United States Code* authorize the Copyright Office to collect the personally identifying information requested on this form in order to process the application for copyright registration. By providing this information you are agreeing to routine uses of the information that include publication to give legal notice of your copyright claim as required by 17 U.S.C. §705. It will appear in the Office's online catalog. If you do not provide the information requested, registration may be refused or delayed, and you may not be entitled to certain relief, remedies, and benefits under the copyright law.

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

## 1

TITLE OF THIS WORK ▼

RENO HEART

NATURE OF THIS WORK ▼ See instructions

JEWELRY DESIGN

PREVIOUS OR ALTERNATIVE TITLES ▼

PUBLICATION AS A CONTRIBUTION If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared. **Title of Collective Work** ▼

If published in a periodical or serial give: **Volume** ▼       **Number** ▼       **Issue Date** ▼       **On Pages** ▼

## 2

**a**

NAME OF AUTHOR ▼

BRIGHTON COLLECTIBLES, LLC

DATES OF BIRTH AND DEATH
Year Born ▼       Year Died ▼

WAS THIS CONTRIBUTION TO THE WORK A "WORK MADE FOR HIRE"?
☑ Yes
☐ No

AUTHOR'S NATIONALITY OR DOMICILE
Name of Country
OR { Citizen of UNITED STATES
Domiciled in _____

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous?   ☐ Yes  ☑ No
Pseudonymous?  ☐ Yes  ☑ No
If the answer to either of these questions is "Yes," see detailed instructions.

**NOTE**

Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was "made for hire," check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

NATURE OF AUTHORSHIP Check appropriate box(es). **See instructions**
☐ 3-Dimensional sculpture   ☐ Map   ☐ Technical drawing
☐ 2-Dimensional artwork   ☐ Photograph   ☐ Text
☐ Reproduction of work of art   ☑ Jewelry design   ☐ Architectural work

**b**

NAME OF AUTHOR ▼

DATES OF BIRTH AND DEATH
Year Born ▼       Year Died ▼

WAS THIS CONTRIBUTION TO THE WORK A "WORK MADE FOR HIRE"?
☐ Yes
☐ No

AUTHOR'S NATIONALITY OR DOMICILE
Name of Country
OR { Citizen of _____
Domiciled in _____

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous?   ☐ Yes  ☐ No
Pseudonymous?  ☐ Yes  ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

NATURE OF AUTHORSHIP Check appropriate box(es). **See instructions**
☐ 3-Dimensional sculpture   ☐ Map   ☐ Technical drawing
☐ 2-Dimensional artwork   ☐ Photograph   ☐ Text
☐ Reproduction of work of art   ☐ Jewelry design   ☐ Architectural work

## 3

**a** YEAR IN WHICH CREATION OF THIS WORK WAS COMPLETED
Year ▶ 2006
This information must be given in all cases.

**b** DATE AND NATION OF FIRST PUBLICATION OF THIS PARTICULAR WORK
Complete this information ONLY if this work has been published.
Month ▶ JULY   Day ▶ 3   Year ▶ 2006
Nation ▶ UNITED STATES

## 4

COPYRIGHT CLAIMANT(S) Name and address must be given even if the claimant is the same as the author given in space 2. ▼

BRIGHTON COLLECTIBLES, LLC
14022 NELSON AVENUE, CITY OF INDUSTRY, CA 91746

TRANSFER If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼

See instructions before completing this space.

APPLICATION RECEIVED

ONE DEPOSIT RECEIVED

TWO DEPOSITS RECEIVED

FUNDS RECEIVED

DO NOT WRITE HERE OFFICE USE ONLY

MORE ON BACK ▶ · Complete all applicable spaces (numbers 5-9) on the reverse side of this page.
· See detailed instructions.   · Sign the form at line 8.

DO NOT WRITE HERE
Page 1 of _____ pages

| EXAMINED BY | | FORM VA |
|---|---|---|
| CHECKED BY | | |
| CORRESPONDENCE ☐ Yes | | FOR COPYRIGHT OFFICE USE ONLY |

DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?

☐ Yes  ☑ No  If your answer is "Yes," why is another registration being sought? (Check appropriate box.) ▼

a. ☐ This is the first published edition of a work previously registered in unpublished form.

b. ☐ This is the first application submitted by this author as copyright claimant.

c. ☐ This is a changed version of the work, as shown by space 6 on this application.

If your answer is "Yes," give: Previous Registration Number ▼          Year of Registration ▼

**5**

**DERIVATIVE WORK OR COMPILATION** Complete both space 6a and 6b for a derivative work; complete only 6b for a compilation.

a. Preexisting Material  Identify any preexisting work or works that this work is based on or incorporates. ▼

THIS WORK INCORPORATES A PRE-EXISTING DESIGN WHICH WAS CREATED IN 2005 AND PUBLISHED IN OCTOBER 2005.

**a**

b. Material Added to This Work  Give a brief, general statement of the material that has been added to this work and in which copyright is claimed. ▼

ADAPTATION OF PRE-EXISTING DESIGN AND ADDITIONAL ARTISTIC WORK.

**b**

**6**

See instructions before completing this space.

**DEPOSIT ACCOUNT**  If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.

Name ▼                                        Account Number ▼

**a**

**7**

**CORRESPONDENCE**  Give name and address to which correspondence about this application should be sent. Name/Address/Apt/City/State/Zip ▼

GARY FREEDMAN, ESQ.
LAW OFFICES OF GARY FREEDMAN
1149 3RD STREET, SUITE 200, SANTA MONICA, CA 90403

**b**

Area code and daytime telephone number  ( 310 ) 576-2444          Fax number  ( 310 ) 576-2440

Email  jinhee.peralta@gmail.com

**CERTIFICATION*  I, the undersigned, hereby certify that I am the

check only one ▶
☐ author
☐ other copyright claimant
☐ owner of exclusive right(s)
☑ authorized agent of  BRIGHTON COLLECTIBLES, LLC
Name of author or other copyright claimant, or owner of exclusive right(s) ▲

of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge.

**8**

Typed or printed name and date ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date.

GARY FREEDMAN                                        Date  OCTOBER 13, 2014

Handwritten signature (X) ▼

X

| Certificate will be mailed in window envelope to this address: | Name ▼ GARY FREEDMAN, c/o LAW OFFICES OF GARY FREEDMAN | YOU MUST: · Complete all necessary spaces · Sign your application in space 8 |
|---|---|---|
| | Number/Street/Apt ▼ 1149 3RD STREET, SUITE 200 | SEND ALL 3 ELEMENTS IN THE SAME PACKAGE: 1. Application form 2. Nonrefundable filing fee in check or money order payable to Register of Copyrights 3. Deposit material |
| | City/State/Zip ▼ SANTA MONICA, CA. 90403 | MAIL TO: Library of Congress Copyright Office-VA 101 Independence Avenue SE Washington, DC 20559 |

**9**

*17 U.S.C. §505(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.

Form VA–Full  Rev: 05/2012  Print: 05/2012—8,000  Printed on recycled paper                    U.S. Government Printing Office: 2012-372-482/80,911



# EXHIBIT B



# EXHIBIT C



#2727 | $19.50



#2749 | $14.00



#2826 | $17.50

Exclusive Mivita™ Jewelry

# CASUAL & CLASSY

### 2727 Triple Strand Heart Bracelet
*Pulsera de Corazón*



**$19.50** Perfectly casual for everyday wear or classy enough for any night out on the town! If you have a love of fashion, this bracelet will certainly show off your passion. Crystal adorned - vintage, yet stylish. Approx. 8-¼" L.

### 2749 Jeweled Heart Earrings
*Aretes de Corazón con Piedras*

**$14.00** Textured and antiqued with crystal center hearts, these heart earrings are perfect for any occasion. Simple and elegant for day to night wear! Approx. 1-½" L.

### 2826 Pandora Style Breast Cancer Charm Bracelet
*Pulsera con Dijes Estilo Pandora de Cáncer de Mama*

**$17.50** Show your support and awareness for breast cancer with this pandora style charm bracelet. Featuring pink crystal accents and glass beads. Approx. 8-½" L.

### 2771 Hoop Bangle Drop Earrings
*Aretes de Aros*

**$12.00** Textured, hammered and etched, these bangle drop earrings shout style! Stand up and show your individuality! Approx. 3" L.

### 2760 Diamond Flower Burst Stretch Ring
*Anillo para Todas Medidas de Flor*

**$12.50** Add some sass and class with this fashionably sculpted stretch ring featuring rhinestones with tasteful filigree accents. One size fits most.

### 2716 Twist Etched Hoop Earrings
*Aretes de Aros con Diseños Grabados!*

**$12.00** Perfect for a business to evening transition, these versatile hoops will become a favorite. These etched earrings feature an elegant twist and are polished to a brilliant finish. Approx. 1-½" W.

### 2815 Hammered & Etched Necklace & Earrings
*Set de Aretes y Collar Grabados*

**$19.50** Playful and classic meet in this multi-chain necklace and earring set. Sleek etching and hammered detail provide a stylish look. Necklace: 20-½" L, Earrings: 2" L.

### 2738 Antiqued Stretch Bracelets
*Set de Pulseras para toda Medidas con Diseño Antiguo*

**$18.50** Silver and antiqued tones beautifully complement one another in this set of 3 stretch bracelets. Perfect for any occasion! One size fits most.



ALL MIVITA™ JEWELRY IS: